UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEON LAYNE,

Plaintiff,

v.

AMERICAN AIRLINES, INC.

Defendant.

Case No.: 1:25-cv-00823-VMS

**PROPOSED JOINT PRETRIAL ORDER**

Pursuant to Rule IV.A of the Individual Practice Rules of the Honorable Vera M. Scanlon, and the Court's June 23, 2026 scheduling order, plaintiff Leon Layne and defendant American Airlines, Inc., by their respective counsel, jointly submit the following Proposed Joint Pretrial Order.

## I. FULL CAPTION OF THE ACTION

The full caption of this action is set forth above. The action was commenced in the Supreme Court of the State of New York, County of Queens (Index No. 713428/2024), and was removed to this Court on February 13, 2025.

## II. TRIAL COUNSEL

For Plaintiff:
Nicholas Gerschman
Morgan & Morgan New York PLLC
199 Water Street, 15th Floor
New York, New York 10038
Tel.: (917) 344-7021
Email: ngerschman@forthepeople.com

For Defendant:
David J. Harrington
William de Wolff
Condon & Forsyth LLP
7 Times Square, 18th Floor
New York, New York 10036
Tel.: (212) 490-9100
Email:dharrington@condonlaw.com
wdewolff@condonlaw.com

## III. BASIS OF SUBJECT-MATTER JURISDICTION

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity of citizenship). Plaintiff Leon Layne is a citizen of the State of New York, residing in Kings County, New York. American Airlines, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Texas, and is therefore a citizen of Delaware and Texas. Complete diversity exists between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

The action was removed from the Supreme Court of the State of New York, County of Queens, on February 13, 2025 (ECF No. 1), pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff has not contested removal. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties consented to the jurisdiction of Magistrate Judge Scanlon for all purposes, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c).

## IV. SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED

A. Plaintiff's Claims To Be Tried

Plaintiff asserts a claim for negligence under New York common law. American, through its employee Franco Rocca, negligently operated a forklift by backing it out of a cargo trailer into an occupied pedestrian zone without sounding a horn or other warning, without keeping a proper lookout, without a spotter, without maintaining a safe speed, and without yielding to a pedestrian with the right of way. At all relevant times Mr. Rocca was acting within the course and scope of his employment with American, which is vicariously liable for his negligence.

American was further negligent by failing to adequately train, qualify, supervise, and equip Rocca to operate a forklift safely around pedestrians, and failed to enforce its own safety policies.

American owned and controlled Building No. 79 and was further negligent in failing to maintain the premises in a reasonably safe condition for persons lawfully present, including by failing to segregate pedestrian and forklift traffic.

Plaintiff seeks damages, in an amount to be determined by the jury, for past and future medical expenses; past and future lost earnings and impairment of earning capacity; and past and future conscious pain and suffering, permanent injury, disability, and loss of enjoyment of life. Plaintiff's injuries include an open comminuted fracture of the right foot with degloving and Complex Regional Pain Syndrome (CRPS) Type I of the right lower extremity.

B. Defendant's Defenses to be Tried.

American disputes that it was negligent, but even if it was, Mr. Layne was comparatively negligent. Having worked in Building 79 around forklift operations for years, he was walking through an unloading dock in an area primarily used for loading and unloading trucks. He knew or should have known that Rocca had driven the forklift onto the truck (a dark, confined space) and would be backing out of the truck with a full cargo load shortly. Nevertheless, he walked into the path of the reversing forklift (as demonstrated by his injuries being primarily on the outside of his right foot rather than on his heels) while ignoring the audible reversing bell. Rocca could not see Layne because he was moving through his blind spot while reversing the forklift.

Further, to the extent that the injury has not fully healed, Layne pursued a treatment path that did not prioritize functional rehabilitation – or being able to use his foot normally again. Layne has healed well, despite his lack of focus on functional rehabilitation. His clinical findings do not demonstrate that he has Complex Regional Pain Syndrome ("CRPS"); any lingering discomfort does not affect his day-to-day life in a significant way nor prevent him from sedentary work or performing activities typical of someone his age. Layne pursued physical therapy from centers that did not prioritize weight-bearing and strengthening movement, especially in the critical

months after the surgery. Layne, under the guidance of his treating team, concluded from the beginning of his treatment that he would not be returning to work; in doing so, he ensured that outcome. Any lingering discomfort in his foot is caused by muscular atrophy rather than CRPS, which is caused or exacerbated by failing to prioritize functional rehabilitation.

## V. TRIAL BY JURY AND ESTIMATED LENGTH OF TRIAL

This action is to be tried to a jury. *See* June 23, 2026 Minute Order. The parties estimate that the trial will require approximately five to seven trial days.

## VI. STIPULATIONS AND AGREED FACTS

The parties have stipulated and agreed:

1. The incident occurred on October 12, 2022, at American's Building No. 79 air-cargo facility at John F. Kennedy International Airport, Queens, New York.
2. At the time of the incident, Franco Rocca was employed by American Airlines, Inc. and was operating a forklift within the course and scope of his employment.
3. The Court has subject-matter jurisdiction under 28 U.S.C. § 1332, and venue is proper in this District.
4. The parties consented to trial before Magistrate Judge Scanlon pursuant to 28 U.S.C. § 636(c).
5. Plaintiff's certified medical records and bills (listed below) are authentic and admissible as business records, without waiver of any objection other than as to authenticity.
6. The documents produced by American bearing Bates numbers AA_000001 through AA_000493, together with American's other unstamped productions, are authentic business records of American Airlines.
7. The Port Authority of New York and New Jersey Investigative Materials produced in response to Plaintiff's subpoena are authentic business records of PANYNJ.

## VII. WITNESSES

Plaintiff lists the following fact and expert witnesses whose testimony may be offered in his case in chief, indicating whether each will testify in person or by deposition. Witnesses identified as "adverse" are employees or retained experts of Defendant and may be called by Plaintiff as adverse witnesses.

A. Plaintiff's fact witnesses.

| No. | Witness and Role | Manner | Summary of Anticipated Testimony |
|---|---|---|---|
| 1 | **Leon Layne** — Plaintiff | In person | The occurrence and how he was struck; his injuries, surgery, and course of treatment; his permanent limitations, dependence on his wife for daily activities, and loss of enjoyment of life; and damages. |
| 2 | **June Ann Layne** — Plaintiff's spouse | In person | Plaintiff's health and activities before the incident; his condition and care needs since; her role as his caregiver; and the impact on the household. |
| 3 | **Franco Rocca** — American forklift operator *(adverse)* | In person | His operation of the forklift on the day of incident; backing out of the trailer without sounding the horn; looking away from Plaintiff; not seeing Plaintiff until impact; his training; and American's rules regarding forklift operation and the outbound dock. |
| 4 | **Julio Quintero** — American Rule 30(b)(6) designee / Manager *(adverse)* | In person | American's rules governing the outbound dock; American's rules regarding forklift operations; pedestrian activity in the outbound dock area. American's investigation into the incident; American's security-camera system in Building 79; the cameras that captured the incident; the failure to preserve the footage; the absence of any video-retention or litigation-hold policy. |
| 5 | **Adrian Darlington** — American Cargo Manager / Manager on Duty; Rule 30(b)(6) designee *(adverse)* | In person | Relationship between CLPA (plaintiff's employer) and American; Relationship between American and Plaintiff; American's forklift safety rules and operations; American's forklift training; American's failure to preserve the accident video; American's rules governing the outbound dock. |
| 6 | **Juan Gonzalez** — American Ground Service Equipment Manager; Rule 30(b)(6) designee *(adverse)* | In person | The maintenance and inspection of the subject forklift; pre-shift forklift inspection; American's forklift training . |
| 7 | **Brian Cooley** — American General Manager, Cargo JFK *(adverse)* | In person | American's ability to preserve the accident video and its failure to do so; its preservation of other video; forklift operator responsibility; and American's incident report and its recommendations. |

| No. | Witness and Role | Manner | Summary of Anticipated Testimony |
|---|---|---|---|
| 8 | **Eugene Curran** — American forklift trainer *(adverse)* | In person | American's forklift training and requirements; pedestrian vs forklift operator right of way; the use of spotters; |

B. Plaintiff's expert witnesses.

| No. | Witness and Role | Manner | Summary of Anticipated Testimony |
|---|---|---|---|
| 9 | **Ashwin Malhotra, M.D.** — treating neurologist / life-care planning | In person | His personal treatment and diagnosis of Plaintiff; Plaintiff's overall injuries and course of treatment from all providers; diagnosis of CRPS of the right lower extremity; causation; permanency; Plaintiff's future-care needs / life-care plan. |
| 10 | **Tomasz Rostkowski, DPM** — treating podiatrist | In person | His personal treatment and diagnosis of Plaintiff; the nature and severity of the right-foot injury; the surgeries; permanency; observed CRPS signs; and future foot care. |
| 11 | **Kristen Kucsma, M.A.** — economist | In person | Past and future lost earnings and the cost of Plaintiff's future care; total economic loss of $1,014,122 to $1,297,631. |
| 12 | **Mark Briggs, CSP, ARM** — forklift / industrial-safety expert | In person | American's deviations from the standard of care in forklift operation, training, supervision, and pedestrian protection; statute and rule violations including OSHA and ANSI B56.1. |

C. Defendant's witnesses.

| No. | Witness and Role | Manner | Summary of Anticipated Testimony |
|---|---|---|---|
| 1 | **Leon Layne** — Plaintiff *(adverse)* | In person | The occurrence and how he was struck; his injuries, surgery, and course of treatment; his permanent limitations, dependence on his wife for daily activities, and loss of enjoyment of life; and damages. |
| 2 | **June Ann Layne** — Plaintiff's spouse *(adverse)* | In person | Plaintiff's health and activities before the incident; his condition and care needs since; her role as his caregiver; and the impact on the household. |
| 3 | **Franco Rocca** — American forklift operator | In person | His operation of the forklift on the day of incident; backing out of the trailer without sounding the horn; looking away from Plaintiff; not seeing Plaintiff until impact; and his training and lack of a forklift license. |

| No. | Witness and Role | Manner | Summary of Anticipated Testimony |
|---|---|---|---|
| 4 | **Julio Quintero** — American Rule 30(b)(6) designee / Manager | In person | American's rules governing the outbound dock; American's rules regarding forklift operations; pedestrian activity in the outbound dock area. American's investigation into the incident. |
| 5 | **Adrian Darlington** — American Cargo Manager / Manager on Duty; Rule 30(b)(6) designee | In person | Relationship between CLPA (plaintiff's employer) and American; Relationship between American and Plaintiff; American's forklift safety rules and operations; American's forklift training; American's rules governing the outbound dock. |
| 6 | **Juan Gonzalez** — American Ground Service Equipment Manager; Rule 30(b)(6) designee | In person | The maintenance and inspection of the subject forklift; pre-shift forklift inspection. |
| 7 | **Brian Cooley** — American General Manager, Cargo JFK | In person | American's ability to preserve the accident video and its failure to do so; its preservation of other video; forklift operator responsibility; American's incident report; American's relationship with CLPA |
| 8 | **Eugene Curran** — American forklift trainer | In person | American's forklift training and requirements; pedestrian vs forklift operator right of way; the use of spotters; |
| 9 | **Brian Hurley and/or Keith Burkitt** – Private investigators | In person | Authenticating video surveillance and describing their observations of Layne and his injuries |

A. <u>Defendant's Expert Witnesses</u>

| No. | Witness and Role | Manner | Summary of Anticipated Testimony |
|---|---|---|---|
| 9 | Terence Fischer | In person | American's accident reconstruction and human factors expert – expected to state that the accident was caused or contributed to by Layne's negligence |
| 10 | Dr. Andrew Sands | In person | American's orthopedic expert – expected to testify that Layne's recovery is complete and he is able to live his life with minimal limitations, rebut Malhotra's lifecare plan from a medical perspective, and opine that certain decisions during Layne's treatment may have affected his ultimate outcome |
| 11 | Dr. Roger Bonomo | In person | American's neurologist expert – expected to testify that Layne does not suffer from Complex |

| No. | Witness and Role | Manner | Summary of Anticipated Testimony |
|---|---|---|---|
| | | | Regional Pain Syndrome because he does not meet the diagnostic criteria |

American Airlines reserves the right to modify or supplement this witness list as the parties narrow issues in contention, resolve evidentiary disputes, and to avoid cumulative evidence presentation.

## VIII. DEPOSITION DESIGNATIONS

A. Plaintiff's Designations

Plaintiff does not at this time intend to offer any deposition designations in its case in chief as all deposed witnesses are expected to be available for live testimony. To the extent any witnesses listed above become unavailable, Plaintiff reserves the right to designate testimony for those witnesses. Plaintiff further reserves the right to use any portion of any deposition for impeachment (Fed. R. Evid. 613) and for completeness (Fed. R. Evid. 106), and to offer counter-designations.

Plaintiff further reserves the right to play portions of the video of the deposition of Franco Rocca, pending the Court's ruling on Plaintiff's motion for sanctions.

B. Defendant's Designations

Like plaintiff, American does not intend at this time to offer any deposition designations as part of its case in chief. American reserves the right to designate testimony if any witness becomes available. In addition, American reserves the right to use depositions for impeachment, completeness, or counter-designations – as applicable.

## IX. EXHIBITS

A. Plaintiff's Exhibits

| PX No. | Description | Bates / Ex. / Prod | Def. Obj. |
|---|---|---|---|
| PX-1 | Defendant's November 4, 2025 Responses and Objections to Plaintiff's Interrogatories | Served 11/4/2025 | |
| PX-2 | Defendant's March 2, 2026 Responses and Objections to Plaintiff's Interrogatories | Served 3/2/2026 | |

| PX No. | Description | Bates / Ex. / Prod | Def. Obj. |
|---|---|---|---|
| PX-3 | American Accident / Incident Report | 11/4/2025 prod. | |
| PX-4 | American "Board of Inquiry" / CERS investigation packet | Resp. Ex. A | |
| PX-5 | Franco Rocca's written statement | 11/4/2025 prod. | |
| PX-6 | Rocca post-incident drug / alcohol test result | 11/4/2025 prod. | |
| PX-7 | American internal investigation documents | 11/4/2025 prod. | |
| PX-8 | American–CLPA Cargo Security Services contract (Amendment 6, #90-10161) | Resp. Ex. F | |
| PX-9 | Environmental, Safety & Health Manual (ESHM) §§ 09.02–09.03 | AA_000234–248 | |
| PX-10 | ESHM §§ 4.01–4.13 | AA_000177–233 | |
| PX-11 | Forklift Safety — JFK 2025 bulletin | AA_000176 | |
| PX-12 | American Forklift Safety Training | Jan. 16, 2026 prod. | |
| PX-13 | Toyota Forklift Operator's Manual (2018 Toyota 8FBE20U, Asset No. 025977) | Resp. Ex. D (129 pp.) | |
| PX-14 | Safety Procedures Policy Sheet | Rocca Dep. Ex. 10 | |
| PX-15 | Forklift Safety Training (Initial / Recurrent) curriculum | AA_000249–409 | |
| PX-16 | Form SF-0758 | AA_000410 | |
| PX-17 | SFTY0680 v2 — Learning Hub Forklift Safety Evaluation | AA_000411–490 | |
| PX-18 | SFTY0681 — 2023–25 Forklift Class 1/4/5 Safety Evaluation form | AA_000491–493 | |
| PX-19 | Cargo Procedures Manual (Rev. 74, Oct. 1, 2025) | Jan. 16, 2026 prod. | |
| PX-20 | American Drug & Alcohol Policy Training | Jan. 16, 2026 prod. | |
| PX-21 | American Safety Management Training | Jan. 16, 2026 prod. | |
| PX-22 | Franco Rocca Learning Hub / LMS training transcript | AA_000001–024 | |
| PX-23 | Rocca Training File | 11/4/2025 prod. | |
| PX-24 | Rocca Personnel File | 11/4/2025 prod. | |
| PX-25 | Forklift Asset / AssetWorks work-order and maintenance history | Resp. Ex. C | |
| PX-26 | Photographs of the scene and subject forklift | 11/4/2025 prod. | |
| PX-27 | Port Authority of New York & New Jersey (PANYNJ) investigation file produced in response to Plaintiff's subpoena (Case No. 22K- | | |

| PX No. | Description | Bates / Ex. / Prod | Def. Obj. |
|---|---|---|---|
| | 10476; 121 pp.), including radio-transmission audio recordings. | | |
| PX-28 | Jamaica Hospital Medical Center — medical records and bills | | |
| PX-29 | Brooklyn Center for Rehabilitation and Healthcare — medical records and bills | | |
| PX-30 | Tomasz Rostkowski, DPM / podiatry — medical records and bills | | |
| PX-31 | Ashwin Malhotra, M.D. / Neurodiagnostics Medical, P.C. — medical records and bills | | |
| PX-32 | Physical Medicine & Rehabilitation of New York, P.C. — medical records and bills | | |
| PX-33 | Maywell Pain Management — medical records and bills | | |
| PX-34 | Lenox Hill Radiology / Eastern Parkway — medical records and bills | | |
| PX-35 | Ridge Mobile Medical, PLLC — medical records and bills | | |
| PX-36 | Ambulance call report (EMS) | | |
| PX-37 | Plaintiff's W-2 Wage and Tax Statements — tax years 2019, 2020, 2021, 2022, and 2023 | | |
| PX-38 | Surveillance footage — 105 .MTS clips (Mar. 27–Apr. 13, 2026) | AA_000070–174 | |
| PX-39 | Burkitt surveillance reports and field notes | AA_000056, 062–068, 175 | |
| PX-40 | Investigator licenses (Hurley; PI license) | AA_000061, 069 | |
| **Demonstratives** | | | |
| PX-41 | Surgical animation of the right-foot injury and ORIF | | |
| PX-42 | Anatomical / medical illustrations | | |
| PX-43 | Life-care-plan summary chart (Malhotra) | | |
| PX-44 | Economic-loss summary chart (Kucsma) | | |

A. <u>Defendant's Exhibits</u>

American Airlines is not conceding the admissibility of any of plaintiff's exhibits and reserves the right to object to any proposed exhibit except as set forth in the stipulations section. Further,

American Airlines reserves the right to amend, add, or otherwise modify its proposed trial exhibit list – including to add demonstratives.

In addition to plaintiff's listed exhibits, American Airlines proposes the following exhibits:

| DX No. | Description | Bates / Ex. / Prod | Pltf. Obj. |
|---|---|---|---|
| DX-1 | Layne's Employment Records from Corporate Loss Prevention Associates | | Untimely (subpoenaed only after close of discovery); Never disclosed; Reserve rights to further objections if/when disclosed. |
| DX-2 | Layne's Training Records pursuant to subpoena (responsive records not produced with initial subpoena) | | Same as DX-1 |
| DX-3 | Surveillance Video of Leon Layne dated April 13, 2026 | AA_000058 | |
| DX-4 | Surveillance Video of Leon Layne dated April 13, 2026 | AA_000059 | |
| DX-5 | Surveillance Video of Leon Layne dated April 13, 2026 | AA_000060 | |
| **Demonstratives** | | | |
| DX-6-XX | Placeholder for demonstrative (American Airlines reserves the right to add demonstrative exhibits) | | |

Dated: New York, New York
July 7, 2026

Respectfully submitted,

MORGAN & MORGAN NEW YORK PLLC

By: /s/ *Nicholas Gerschman*
Nicholas Gerschman, Esq.
199 Water Street, 15th Floor
New York, New York 10038
(917) 344-7021
ngerschman@forthepeople.com
*Counsel for Plaintiff*

CONDON & FORSYTH LLP

By: /s/ *David J. Harrington*
David J. Harrington, Esq.
William de Wolff, Esq.
7 Times Square, 18th Floor
New York, New York 10036
(212) 490-9100
dharrington@condonlaw.com
*Counsel for Defendant*

SO ORDERED:

________________________________
HON. VERA M. SCANLON
United States Magistrate Judge